UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL ALLEN,

                Petitioner,

      - v -

E.R. DONNELLY,
Superintendent, Wende
Correctional Facility,

                Respondent.
----------------------------------------------------------x

ORDER

02-CV-3835 (NG) (LB)

**GERSHON, United States District Judge:**

On March 4, 2005, unaware that petitioner had filed objections in the Clerk's office on March 2, 2005 (which did not reach my chambers until March 14, 2005), I treated the Report and Recommendation of Magistrate Judge Lois Bloom as unopposed and dismissed the petition as time-barred. I have now reviewed petitioner's objections and I have determined that it is unnecessary to reopen this case, as I reach the same conclusions after that review.

Petitioner's general objections to Judge Bloom's conclusion that his petition is time-barred are meritless. I have given further consideration to petitioner's claim of actual innocence and, for the reasons discussed below, I have concluded that it is also meritless. The factual background of this case is fully described in Judge Bloom's Report and Recommendation. Therefore, I proceed directly to the legal discussion of petitioner's actual innocence claim.

        **I.     Actual Innocence Standard**

As stated by Judge Bloom, whether a claim of actual innocence based on newly

discovered evidence merits equitable or Constitutionally-required tolling is an open question in this circuit. *See Doe v. Menefee*, 391 F.3d 147, 160 (2d Cir. 2004); *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). However, the court need to reach this question unless petitioner has made a credible claim of actual innocence as delineated in controlling Supreme Court precedent. *See Doe v. Menefee*, 391 F.3d at 160. This determination must be made "before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence." *Id.* at 161. In order to make a credible claim, first, petitioner must demonstrate that his claim is supported "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The court must then "consider a petitioner's claim in light of the evidence in the record as a whole, including evidence that might have been inadmissible at trial . . ." *Id.* at 162. "[T]he issue before [this] court is not legal innocence but factual innocence." *Id.* Thus, the ultimate question is "whether new evidence truly throws the petitioner's conviction into doubt, or whether it is so overwhelmed by the weight of other evidence that it is insufficient to raise a question as to a petitioner's factual innocence." *Id.*

## II. Petitioner's Actual Innocence Claim

Petitioner's claim is that four years after his conviction, he received an autopsy report that indicated that the coroner had removed bullets for a .38 caliber weapon from the body of the deceased while the prosecution's theory at trial was that petitioner killed the victim with a .9 millimeter weapon. This evidence does not constitute credible exculpatory information

2

because petitioner does not show that a .9 millimeter weapon was not involved in the murder, but only that some bullets that were removed from the body of the victim originated from a different weapon. Petitioner's Br. at 14-15 (prosecutor withheld "the Receipt for Autopsy Evidence, which shows another weapon was also involved."). Whether the prosecutor withheld such evidence raises a claim under *Brady v. Maryland*, 373 U.S. 83 (1967).[1] However, it is insufficient to constitute credible exculpatory evidence of actual innocence. That a second shooter, or a second weapon, might have been involved does not disprove the physical and testimonial evidence offered at petitioner's trial that he was guilty of the victim's murder. Petitioner argues that "[h]ad the jury known that another weapon was involved and that same weapon was the cause of death, they would have questioned [key witnesses'] credibility." Petitioner's Br. at 16. However, evidence that the government's theory of the case was merely flawed or incomplete is not sufficient to demonstrate actual innocence; i.e., any number of factual scenarios are conceivable in which the victim was shot by petitioner with a .9 millimeter weapon as well as by a .38 caliber weapon.[2] At petitioner's trial, the State presented: (1) testimony from multiple witnesses that petitioner confessed to the murder; (2) testimony from an acquaintance of petitioner that he stated his intent to commit the murder just before disappearing into the area where the murder took place and a gun shot was heard; (3) evidence that petitioner owned a .9 millimeter firearm; (4) evidence consisting of spent .9 millimeter shell

---

[1] Petitioner's *Brady* claim is barred by the statute of limitations and by petitioner's failure to raise the claim within a reasonable amount of time from the point at which it was discovered, as detailed in Judge Bloom's Report and Recommendation at 6-7.

[2] Petitioner asserts that no .9 millimeter bullets were recovered from the body. Even if this statement is true, it is insufficient to undermine petitioner's conviction since it often occurs that individuals are shot without any bullets remaining lodged in the body. *See, e.g.*, *Dillard v. Prelesnik*, 156 F.Supp.2d 798, 801 (E.D. Mich 2001) ("A nine millimeter handgun round is much more powerful than a .22 caliber round . . . . When fired into a human skull, it often exits through the opposite side of the skull after passing through the brain.").

3

casings and a deformed .9 millimeter bullet found at the murder scene. In light of this evidence, the court cannot conclude that the allegedly new evidence "truly throws petitioner's conviction into doubt." *See Doe v. Menefee*, 391 F.3d at 160.

Along with his failure to demonstrate that the proffered evidence is credible and exculpatory, petitioner has failed to make a threshold demonstration that the evidence is "newly discovered." The State contends, as it did in opposition to petitioner's state court motion to vacate his conviction, that it turned over the "Receipt for Autopsy Evidence" to the defense prior to trial. This assertion was accepted almost four years ago by the Second Department, in its affirmance of the denial of petitioner's CPL 440.10 motion. *See People v. Allen*, 285 A.D.2d 470, 472 (2d Dep't 2001) ("The People submitted an affirmation in opposition to the defendant's motion, stating that the material was produced to defense counsel, and the defendant failed to submit an affidavit from his counsel refuting that claim."). Petitioner has still failed to produce an affidavit from his attorney refuting the claim that the alleged exculpatory material was not disclosed, and thus this court has no credible basis to conclude that this evidence is "newly discovered." *See Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (petitioner must demonstrate that he "could not have effectively raised [his] claim of innocence at an earlier time.") (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)).

## CONCLUSION

Since petitioner has failed to demonstrate that the evidence is either exculpatory or newly discovered, his objections to Judge Bloom's Report and Recommendation are meritless. My March 4, 2005 Order, adopting the Report and Recommendation, is supplemented with this Order, but I do not alter my conclusion that the petition is time-barred. The Clerk of Court is directed to forward a copy of this Order to the Second Circuit Court of Appeals to be included in the record.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      May 31, 2005